UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
   CARLOS MOSQUERA,

                   Plaintiff,

            -against-

MASADA AUTO SALES, LTD., QUEENS
NATIONAL AUTO GROUP CORP., GADI BEN
HAMO, OFFER BEN MOSHE, and OREN COHEN,
*jointly and severally*,

                   Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-4925 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On November 9, 2009, Plaintiff Carlos Mosquera ("Mosquera") filed a Complaint under the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), alleging that Defendants failed to properly pay him overtime wages and did not pay him the minimum wage. (Docket Entry # 1.) The parties engaged in discovery until September 8, 2010, discussed a settlement, and appeared in a settlement conference before Magistrate Judge Pohorelsky on November 9, 2010. (Docket Entries ## 12, 13.) At the settlement conference, Judge Pohorelsky found that the terms were "fair." ("Hr'g Tr." (Docket Entry # 15) at 4.) Also at the conference, Defendants requested that the settlement contain a confidentiality provision. (Id.) On January 19, 2011, the parties filed a Stipulation and Order of Dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Docket Entry # 14.) Because, FLSA generally prohibits confidential settlements, the court directs the parties to jointly choose one of three options as to how to properly proceed in this case, as discussed below.

1

# I. JUDICIALLY SUPERVISED SETTLEMENT OF FLSA CLAIMS

FLSA places "strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver." Le v. SITA Info. Networking Computing USA, Inc., 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. March 13, 2008) (internal quotations omitted). Under FLSA, employees may not waive or settle claims for unpaid wages unless the settlement is (1) supervised by the Secretary of Labor or (2) made "pursuant to a judicially-supervised stipulated settlement." Id. A U.S. Magistrate Judge may preside over these settlement conferences. Cf. Mareno v. Madison Square Garden, L.P., 21 F. App'x 74, 75-76 (2d Cir. 2001) (allowing U.S. Magistrate Judges to preside over "judicially-supervised stipulated settlements" under the Older Workers Benefit Protection Act, 29 U.S.C. § 621).

When reviewing an FLSA settlement agreement submitted for approval, "courts must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Le, 2008 WL 724155, at *1 (internal quotations omitted). The court needs to be presented with sufficient evidence in order to determine "whether the settlement agreement represents a fair and reasonable resolution of [the] disputes." Id. Here, after reviewing the transcripts of the settlement conference between the parties and Magistrate Judge Pohorelsky, the court is confident that the settlement agreement represents a fair and reasonable resolution of the issues.

# II. CONFIDENTIALITY OF FLSA SETTLEMENT AGREEMENTS

As a corollary to the "fear that employers [will] coerce employees into settlement and waiver," Le, 2008 WL 724155, at *1, several District Courts in this Circuit have banned confidentiality provisions in stipulated settlement agreements for FLSA actions. E.g., Hens v. Clientlogic Operating Corp., No. 05-CV-381S (WMS), 2010 WL 4340919, at *3 (W.D.N.Y.

Nov. 2, 2010); Xue Lian Lin v. Comprehensive Health Mgmt., Inc., No. 08 Civ. 6519 (PKC), 2009 WL 2223063, at *1 (S.D.N.Y. July 23, 2009); see Cortes v. Skytop Restaurant, Inc., No. 09 Civ. 10252 (CM) (KNF), 2010 WL 4910242, at *2 (S.D.N.Y. Nov. 17, 2010) ("In FLSA cases, I rarely think that confidentiality provisions are fair."). Further, where parties settlements were approved in a judicially supervised settlement conference, a number of courts have required that the terms of the settlement be placed on the public docket. Order, Silvano Guzman-Reyes v. J.J. Tapper & Co., 10-cv-2547 (NGG) (ALC) (E.D.N.Y. Oct. 5, 2010); Dees v. Hydradry, Inc., 09-CV-1405, 2010 WL 1539813, at *11 (M.D. Fla. Apr. 19, 2010); Prater v. Commerce Equities Mgmt. Co., Inc., H-07-2349 (LHR), 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008). But see Medley v. Am. Cancer Soc'y., 10-CV-3214, 2010 WL 3000028 (S.D.N.Y. July 23, 2010) (permitting the filing of an FLSA settlement agreement under seal because its terms were confidential, but providing no additional analysis).

Here, the parties must make a substantial showing of a need for the terms of their settlement to contain a confidentiality provision under to overcome the factors weighing in favor of public access. In reviewing the transcript of the settlement conference, the parties did not make, nor attempted to make, such a showing. (See Hr'g Tr.) Further, in order for the parties' settlement agreement to be approved by the court, the parties must either file the terms of their agreement on the public docket, or show cause as to why they should not publicly file their settlement. Because the court cannot approve the parties' agreement in its current state, it directs the parties to satisfy the court of these two issues.

## III. VOLUNTARILY DISMISSAL UNDER RULE 41(a)

Federal Rule of Civil Procedure 41(a)(1)(A) allows a plaintiff to voluntarily dismiss an action without a court order "subject to . . . any applicable federal statute." As noted above,

however, FLSA limits the ability of parties to dismiss an action. See Le, 2008 WL 724155, at *1. Here, allowing Mosquera to dismiss his action pursuant to a confidential settlement absent from the public docket would frustrate the public education function of FLSA. Without either party making a showing to the contrary, the court cannot sanction its terms. At the same time, it is not in the interest of FLSA to require the parties to continue to pursue claims that they do not want to pursue.

Accordingly, there appear to be three options as to how to best proceed to fulfill the statutory objectives of FLSA: (1) the parties may submit a settlement agreement without a confidentiality provision on the public docket along with the affidavits for the court's approval; (2) the parties may show cause as to why the court should approve the settlement agreement in its current form; or (3) the parties may abandon their settlement and continue to prosecute their claims. The parties shall *jointly* inform the court which of these options they will choose within fourteen days of this court's order. If the parties fail to inform, or fail to *jointly* inform, the court of their choice by this time, the court will not approve the current settlement and strike the parties' stipulation of dismissal.

SO ORDERED.

Dated: Brooklyn, New York
January 26, 2011

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge